FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **HERBERT ELESH,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 10356 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **OCWEN LOAN SERVICING, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In September 2010, Decision One Mortgage Corporation assigned plaintiff's mortgage, which defendant serviced, to Deutsche Bank. (Compl. ¶¶ 2-3, 8.) The assignment states that it was "[p]repared by Cory Messer, Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida . . . Attorney Code: 14946." (*See id.*, Ex. 5, Assignment of Mortgage.) Plaintiff alleges that Messer is not, in fact, an attorney, and that the attorney code number listed belongs to a deceased member of the Florida bar. (Compl. ¶¶ 2, 5-7.) Plaintiff alleges that Ocwen's misrepresentations on the assignment make it liable to him for breach of fiduciary duty, fraud and conversion and asks the Court to award him damages and declare that the assignment is void.

Ocwen argues that plaintiff lacks standing to seek a declaration that the mortgage assignment is void because he is not a party to it. Ordinarily, that is true. *See Bank of Am. Nat'l Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 7 (Ill. App. Ct. 2012) ("[T]he prevailing rule is that, barring third-party beneficiary status, a litigant lacks standing to attack an assignment to which he or she is not a party."). But "a [third-party] borrower may raise a defense to an assignment that would render it . . . void." *Id.* (quotation omitted). Thus, plaintiff can pursue his claim to invalidate the

assignment only if the defect he cites, Ocwen's allegedly false representation, would render the assignment void.

Like other contracts, an assignment is void only if it violates law or public policy or lacks the requirements for contract formation. *See* Restatement (Second) of Contracts § 7 cmt. a (stating that a void contract is one for which "the law [does not] give[] a remedy"); *see also Marvin N. Benn & Assocs., Ltd. v. Nelsen Steel & Wire, Inc.*, 437 N.E.2d 900, 905 (Ill. App. Ct. 1982) ("A contract which has as its subject something which has a tendency to be injurious to the public or against the public good will not be enforced by an Illinois court."); *O'Neill v. DeLaney*, 415 N.E.2d 1260, 1265-67 (Ill. App. Ct. 1980) (affirming trial court's finding that a contract for the sale of a painting was void for lack of consideration). An assignment need not be drafted by a lawyer to be valid. *See Klehm v. Grecian Chalet, Ltd.*, 518 N.E.2d 187, 190-91 (Ill. App. Ct. 1987) ("The rule has invariably been that no particular form of assignment is required; any document which sufficiently evidences the intent of the assignor to vest ownership of the subject matter of the assignment in the assignee is sufficient . . . .") (quotation omitted). Thus, even if Ocwen claimed falsely that Messer is a lawyer, and it is illegal for Ocwen to do so, that would not render the assignment void.[1]

In short, even if they are true, plaintiff's allegations do not suggest that the assignment is void. As a result, plaintiff does not have standing to contest the validity of the assignment. His claims for declaratory relief are dismissed.

---

[1] The same is true for any alleged reliance on the misstatement by Decision One or Deutsche Bank, as fraudulent inducement renders a contract voidable, not void. *See Jordan v. Knafel*, 880 N.E.2d 1061, 1069 (Ill. App. Ct. 2007); *Lyons v. Christ Episcopal Church*, 389 N.E.2d 623, 625 (Ill. App. Ct. 1979).

Plaintiff fares no better with his claims for damages. In Count I he seeks damages for Ocwen's alleged breach of its fiduciary duty, but his allegations do not suggest any such duty exists. *See Citicorp Sav. of Ill. v. Rucker*, 692 N.E.2d 1319, 1325 (Ill. App. Ct. 1998) ("A fiduciary relationship . . . . may arise as a matter of law, such as between agent and principal, or it may be moral, social, domestic, or personal based upon the particular facts."). "[T]here is nothing inherent in business dealings between a [loan servicer] and a borrower from which springs a cognizable fiduciary relationship," *id.* at 1325-26, and plaintiff alleges nothing that suggests his relationship with Ocwen is an exception to that general rule. *See id.* at 1325 (stating that the "[f]actors to be considered in determining whether a fiduciary relationship exists include the degree of kinship, disparity of age, health, mental condition, education and business experience between the parties, and the extent to which the allegedly servient party entrusted the handling of his business and financial affairs to the other and reposed faith and confidence in him") (quotation omitted); *see also Durkee v. Franklin Sav. Ass'n*, 309 N.E.2d 118, 122-23 (Ill. App. Ct. 1974) ("Since the relationship between mortgagor and mortgagee, alone, is insufficient in Illinois to give rise to a fiduciary relationship as a matter of law, allegations of fact which would illustrate a fiduciary relationship are essential elements in a complaint which attempts to establish such a relationship.") (citations omitted). Thus, plaintiff has not stated a claim for breach of fiduciary duty.

In Count II, plaintiff asserts a fraud claim, which requires him to allege with "particularity" that: (1) defendant made a statement of material fact; (2) defendant knew the statement was false or was "culpabl[y] ignoran[t] of its truth or falsity"; (3) defendant made the statement to induce plaintiff to rely on it; and (4) plaintiff did so and was damaged. *Small v. Sussman*, 713 N.E.2d 1216, 1221 (Ill. App. Ct. 1999); *see* Fed. R. Civ. P. 9(b). Plaintiff alleges that Ocwen knowingly

3

misrepresented Messer as an attorney, in the mortgage assignment. (Compl. ¶ 15.) But, because he is not a party to that assignment, plaintiff did not and cannot allege that the statement was meant to or did induce his reliance. Rather, because of his belief that the assignment is void, plaintiff alleges that the misrepresentation on which he relied is that "the mortgage was assigned to Deutsche Bank." (*Id.* ¶ 18.) As discussed above, however, the alleged misrepresentation about Messer does not invalidate the assignment. Thus, Ocwen's alleged statement that plaintiff's mortgage was assigned to Deutsche Bank was not false and cannot support a fraud claim.

Plaintiff's conversion claim also fails. "A proper complaint for conversion must allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a defendant over a plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property." *Fonda v. Gen. Cas. Co. of Ill.*, 665 N.E.2d 439, 442 (Ill. App. Ct.1996). Real property, which is what plaintiff alleges was converted, cannot be the subject of a conversion claim. *See Sandy Creek Condo. Ass'n v. Stolt & Egner, Inc.*, 642 N.E.2d 171, 175 (Ill. App. Ct. 1994) ("[T]he evidence that the defendants sold real property belonging to the Association does not sustain a cause of action for conversion, since these items are real property."); *Agrinetics, Inc. v. Stob*, 412 N.E.2d 714, 716 (Ill. App. Ct. 1980) ("In order to constitute conversion, the property appropriated, destroyed or withheld must be personal property.") (citations omitted).

4

**Conclusion**

For the reasons set forth above, the Court grants defendant's motion to dismiss [12], dismisses without prejudice plaintiff's claims for declaratory relief and breach of fiduciary duty and dismisses with prejudice his claims for fraud and conversion. Plaintiff has fourteen days from the date of this Order to amend his claim for breach of fiduciary duty– and only that claim – if he can do so in compliance with Federal Rule of Civil Procedure 11. If plaintiff fails to file a timely amendment, the Court will dismiss that claim and this case with prejudice.

**SO ORDERED.**                                   **ENTER:  April 19, 2013**

                                                                         _____
                                                                         **HON. RONALD A. GUZMAN**
                                                                         **United States District Judge**